ROBERT T. BANKS *vs.* THE STATE OF MARYLAND.

*Register of Wills—Salary and Expenses of Office—Extra compensation.*

A register of wills is not entitled to retain, as extra compensation, over and above the salary and expenses of his office allowed by the Constitution of the State, the five per cent. commission allowed by law on the amount of taxes on collateral inheritances, and on commissions of executors and administrators, received by him.

APPEAL from the Superior Court of Baltimore City.

The appellee sued the appellant for money payable by him, as register of wills of Baltimore City, to the State in excess of the sum, which, as register, he was entitled to retain in each and every year, as salary or compensation for the discharge of his duties, and for the expenses of his office, between the 26th of November, 1879, and the 1st of December, 1882. The defendant pleaded not indebted as alleged. The case was submitted on an agreed statement of facts, substantially, as follows:

*First.* That the defendant was the register of wills between the periods named in the declaration.

*Second.* That he had collected for the State as taxes on collateral inheritances, and on executors and administrators' commissions, the sum of $329,790.46.

*Third.* That the defendant had accounted to the plaintiff for the entire sum so collected by him, at the periods required by law, but had retained and deducted from each of said payments a commission of *five per centum* upon the amount so collected and accounted for, claiming that he deducted and retained said commissions as matter of right, under Article 11, sections 126, 127, of the Revised Code of 1878.

*Fourth.* That the amounts claimed and retained by the defendant, as matter of legal right, aggregated the sum of $16,489.46.

*Fifth.* That if the Court was of opinion, that the defendant was not entitled to retain the said five per centum so claimed by him, over and above the salary and expenses of his office, then the judgment should be for the plaintiff for $17,600, each party reserving the right to appeal; and that a *pro forma* judgment should be entered in favor of the plaintiff for $17,600, and that all errors of pleading be waived.

Judgment having been entered as per agreement, the defendant appealed.

The cause was submitted to MILLER, YELLOTT, STONE, ALVEY, and IRVING, J.

*Robert D. Morrison,* and *H. Clay Dallam,* for the appellant.

*Charles J. M. Gwinn, Attorney-General,* for the appellee.

ALVEY, J., delivered the opinion of the Court.

The sole question in this case is, whether the appellant, as register of wills, for the City of Baltimore, is entitled to retain the five per cent. commission allowed by law on the amount of taxes on collateral inheritances, and on commissions of executors and administrators, received by him, over and above the salary and expenses of his office allowed by the Constitution of the State? Or, in other words, whether he is entitled to receive and retain the five per cent. commission on the taxes mentioned as extra compensation, and not as fees or receipts of his office as register of wills, and for which he is required to account? This question, we think, is clearly answered by a simple collation of the provisions of the Constitution and of the statute law of the State upon this subject.

Banks *vs.* State.

The Constitution, Art. 3, sec. 45, provides that the amount of compensation to the clerks of Courts and registers of wills shall not exceed, in the several counties the sum of $3000 a year, and in the City of Baltimore $3500 a year, over and above office expenses, and compensation to assistants; and further, "that such compensation of clerks, registers, assistants and office expenses, shall always be paid out of the fees *or receipts of the offices,* respectively." A similar provision was embodied in the Constitution of 1851 (Art. 3, sec. 40,) and that of 1864 (Art. 3, sec. 44.)

In Article 15, sec. 1, of the present Constitution, it is provided that "Every person holding any office created by or existing under the Constitution or laws of the State, (except justices of the peace, constables and coroners,) or holding any appointment under any Court of this State, whose pay or compensation is derived from fees, *or moneys coming into his hands for the discharge of his official duties, or, in any way, growing out of, or connected with his office,* shall keep a book in which shall be entered every sum, etc., received by him, or on his account, as payment or compensation for his performance of official duties," etc.; a copy of which shall be returned to the Comptroller, etc. "And each of the said officers, when the amount received by him for the year shall exceed the sum which he is by law entitled to retain, as his salary or compensation for the discharge of his duties, and for the expenses of his office, shall yearly pay over to the Treasurer of the State the amount of such excess," etc. The section further provides, that if any officer shall fail to comply with the preceding provision, for the period of thirty days after the expiration of each and every year of his office, the office shall be deemed to be vacant, and the Governor of the State shall appoint to fill the same. Corresponding provisions, though not so specific and extended, are found in the Constitutions of 1851 (Art. 10, sec. 1,) and of 1864 (Art. 12, sec. 1.)

It was by the Act of 1844, ch. 184, that the commissions allowed to executors and administrators were first taxed; and by the Act of 1844, ch. 237, that collateral inheritances were first taxed, for revenue to the State; and by those Acts, and the supplements thereto, it was made the *duty* of the several registers of wills, to receive, and to account for to the treasury of the State, the taxes thus imposed. The official bonds of the registers were made liable for the taxes received; and, by the Acts of .1845, ch. 71, sec. 3, and of 1847, ch. 222, sec. 12, the registers were required to account to the treasury at stated periods of the year, and were allowed five per cent. commission on the amounts paid over; and in default, the register's bond was liable to suit, and recovery thereon was declared to be evidence of misbehavior in office, and to operate *ipso facto* a removal therefrom, and to authorise the Governor to fill the vacancy. These provisions, with but slight variation or change, were embodied in the Code, Art. 81, secs. 106, 109, 145, 146, 147, and have been re-enacted by the Act of 1874, ch. 483, secs. 98, 101, 134, 135, and 136.

The Act of 1853, ch. 444, was the first to provide for accounting by the clerks and registers with the Comptroller of the State, in respect to the emoluments of their offices. This was under, and to carry into execution, the provision of the Constitution of 1851, Art. 10, sec. 1. This Act required *all the emoluments* of the offices to be taken into the account; and for the excess, after deducting the expenses of the office, the official bond was made liable. These provisions have also been incorporated into the Code, and are still in force, as will appear by secs. 267, 268, 269, and 270, of Article 93, under the division of that Article entitled, "Register of Wills," and among the sections defining his official duties.

Now, in view of the constitutional provisions, and the preceding and subsequent legislation upon the subject, to which we have referred, is there any room to doubt that

the commissions in question were received for the discharge of official duties, and formed part of the emoluments of the office held by the appellant? If, in the language of the Constitution, the money came into his hands "in any way, growing out of, or connected with his office," he is required to account for it as part of the income or receipts of the office. The assessment of the taxes is upon funds within the administrative control of the office, and the registers, as in the cases of the clerks of Courts and the sheriffs, are made receivers of the public revenue, and their bonds are made liable for a faithful accounting to the treasury. There can be no question of the power of the Legislature to prescribe the duties of the office, and to embrace within the scope of those duties the receipting and accounting for the taxes on which the commissions have been allowed. It is quite certain that it was only in his official capacity, and because he was register of wills, that he received, or had any right to receive, the taxes, or the commissions thereon. His official bond was liable for these taxes, and yet the condition of that bond is simply, that the appellant will faithfully perform the office of register of wills. *Code, Art.* 93, *sec.* 253. The Legislature in requiring the register of wills, whoever he may be, to receive and account for the taxes, and making his official bond liable for default therein, made such receiving and accounting official duties, pertaining to the office of register of wills; and hence the commissions sued for did come into the hands of the appellant for the discharge of official duties, and in a way growing out of and connected with his office. And such being the conclusion of this Court, upon the agreed statement of facts, the judgment appealed from must be affirmed.

*Judgment affirmed.*

(Decided 19th June, 1883.)