JAMES P. MATTHEWS *v.* CHARLES W. ADAMS.

*Partnership—Advance of Money to the Firm by One Partner—Interest—Limitations—Allowance to Receivers.*

When one partner advances money necessary to preserve the property and carry on the business of the firm in excess of his contribution to the capital, he is entitled to be repaid the amount so advanced upon a dissolution of the firm, as a preferred claim, before any surplus is divided among the partners.

Interest is to be allowed upon advances or loans to the firm by one partner.

Limitations do not begin to run against a claim by one partner for money advanced for the purposes of the partnership until an account has been settled between the partners.

When a receiver is appointed for a firm he is entitled to an allowance for the compensation of an accountant whose services were necessary for the adjustment of the partnership affairs.

Appeal from an order of the Circuit Court for Washington County (STAKE, J.) The cause was argued at the October Term, 1895, before ROBINSON, C. J., BRYAN, McSHERRY and BRISCOE, JJ., by *Alexander Armstrong* and *James P. Matthews* (with whom was *Norman B. Scott, Jr.*, on the brief), for the appellant, and *Fred. F. McComas*, for the appellee. After the decision of the cause on January 8th, 1896, a motion asking for a re-argument was made, and a re-argument on notes to be filed at the April Term was ordered.

BRISCOE, J., delivered the opinion of the Court.

The appellant and appellee were owners and partners in the publication of a weekly newspaper called the "Herald and Torchlight," at Hagerstown, Maryland. There were no written articles of partnership, but at the time of the purchase of the property and business for $7,025, each partner contributed the sum of $1,512.50 in cash and

raised the residue by a mortgage on the property purchased. The profits and losses in the business they were to share equally. Shortly after the purchase of the paper in 1885, the appellant being in the employment of the United States Government as Special Examiner of the Pension Office, it was agreed that a local editor should be employed to represent him in the management of the paper, and whose salary was to be charged against the appellant's share of the profits. On the — day of December, 1889, the appellee was appointed doorkeeper of the United States House of Representatives, and both partners being then absent from the business, it was further agreed that the management and conduct of the paper was to be placed in the hands of a Mr. Biggs, of Hagerstown, and this was accordingly done. The business as thus conducted not being successful, the expenditures exceeding the receipts, the plant, good will and establishment of the paper was sold by agreement on the 18th of September, 1891, for the sum of $6,500, Messrs. Matthews and Adams reserving all accounts and credits that were due to the firm on the day of sale. And on the 3rd of March, 1892, the appellant filed this bill of complaint for a dissolution of the partnership, a receiver, an accounting and injunction. The case was submitted on bill, answer and exhibits, and a decree was passed appointing Messrs. Armstrong and McComas as receivers. And the questions here for consideration arise upon exceptions to the correctness of the auditor's account distributing the funds collected by the receivers.

The first account upon the report of the receivers charged them with the sum of $2,121.34, and after an allowance for commissions and expenses, distributes the residue to the payment of the firm's indebtedness, including the claim of the appellee for $1,191.74, advanced the firm beyond his share of capital, and there being a balance of $441, it was distributed equally to the partners. To this account exceptions were filed, but the account was ratified and confirmed, except as to the allowance of the appellee's claim.

The exception to the distribution of the residue of the partnership funds, after the payment of the appellee's claim and the partnership creditors, until the rights of the partners were adjusted, was sustained by the Court, and there was no appeal therefrom.

First, then as to the allowance of the appellee's claim. The proof is clear that this money had been paid by Mr. Adams, and at a time when it was necessary to be paid in order to preserve the property and carry on the business.

And it is equally clear that it was money paid by him in excess of his share of the capital not derived from partnership profits. In the case of *Pierce, Admr. et al.* v. *Tiernan et al.*, 10 Gill & Johnson, 253, it was distinctly held that the excess of one of the partner's advances over those of the other constitutes a preferred claim upon the partnership property or its proceeds, and must be paid before any surplus can be ascertained which is to be divided among partners. So advances or loans to the partnership by one partner are not like capital, but like borrowing from a third person, and interest is allowed thereon. *Turner* v. *Holloway*, 61 Md. 219; 2 *Bates on Partnership*, 785; *Lindley on Partnership*, 390; *Baker* v. *Mayo*, 129 Mass. 517; *Hill* v. *Beach*, 12 N. J. Equity, 31; *Uhler* v. *Semple*, 20 N. J. Equity, 288. So far as the Statute of Limitations relied upon by the appellant is concerned, we need only say, that it cannot avail him here. The statute does not begin to run until an account has been settled between the partners and a balance ascertained, when a right to sue arises. *Holloway* v. *Turner*, 61 Md. 223.

We find no error in the allowance of the claim of Mr. Small for clerical services rendered in making out books for the receivers. For a long period during the continuance of the partnership no books had been kept by the firm, and the receivers found it impossible to adjust the accounts without capable and experienced clerical assistance.

Having disposed of all the questions raised on this appeal, the orders appealed from will be affirmed, and the cause

remanded to the end that the matter of the accounting be-tween the partners may be had.

When this appeal was before us at the October term, 1895, we affirmed the orders appealed from and remanded the case to the end that an accounting could be had between the partners. Upon petition and leave of Court a re-argu-ment of the case was allowed upon notes. We find no rea-son for changing the conclusion reached by us at the first hearing of the case, and shall affirm the orders for the rea-son expressed in the foregoing opinion.

*Orders affirmed, cause remanded*
*with costs to the appellee.*

(Decided June 17th, 1896).