## PHILLIPS L. GOLDSBOROUGH *vs.* HENRY LLOYD,
### One of the Judges of the Circuit Court, etc.

*Mandamus—Salary of State's Attorney—Fees—Constitutional Law.*

The Local Law relating to Dorchester County directed certain fees to be paid by the County Commissioners to the State's Attorney for that county upon the approval of his accounts by the Judges of the Circuit Court. *Held*, that if any one of the Judges should refuse to approve the account of the State's Attorney for fees, no writ of *mandamus* would lie to compel such approval, but the remedy of the State's Attorney is to have his account approved by the other Judges.

No salary is provided by the Constitution for State's Attorneys, but they are paid by fees, and the maximum of the compensation of all officers paid by fees is limited by Constitution, Art. 15, sec. 1, to the sum of $3,000. The Act of 1894, chap. 213, provided for the allowance of certain appearance fees to the State's Attorney for Dorchester County, "provided that the compensation so allowed, together with the total of the fees received, shall not amount to more than $1,200 in any one year." *Held*, that no Act of Assembly can validly limit the amount of the fees which a State's Attorney may receive to less than $3.000, although it is within the power of the Legislature to prescribe such a schedule of fees as would in effect reduce the compensation of a State's Attorney below that sum.

*Quaere*, whether statutes requiring Judges to approve the accounts of State's Attorneys are unconstitutional because imposing a non-judicial duty on the Judges. *Quaere*, also, whether these statutes deprive the County Commissioners of the right to dispute the correctness of an account actually certified.

Appeal from an order of the Circuit Court for Dorchester County (Page, C. J. and Holland J.), dismissing petition for a writ of *mandamus*.

The cause was argued before McSherry, C. J., Bryan, Fowler, Briscoe, Roberts, Boyd and Russum, JJ.

*Alonzo L. Miles*, for the appellant.

*John R. Pattison*, for the appellee.

McSHERRY, C. J., delivered the opinion of the Court.

This is an application for a writ of *mandamus*. The petition was filed by the appellant, who is the State's Attorney of Dorchester County, and it was filed against the Honorable Henry Lloyd, who is one of the Associate Judges of the First Judicial Circuit, which includes that county. Its object is to require the Judge to approve an account of the State's Attorney for fees claimed by him to be due for professional services rendered as prosecuting attorney of the county named. The petition is addressed to the Judges of the Circuit Court for Dorchester County, and Judge Lloyd is himself one of those Judges. By Article 36, section 10 of the Code of Public General Laws, all State's Attorneys are allowed an appearance fee of ten dollars in cases where the punishment for the crime charged is death or confinement in the penitentiary, and in all other criminal cases the appearance fee is, by the same section, fixed at three dollars and thirty-three cents. The Local Laws of Dorchester County, Article 10, sec. 286, authorize the Judges of the Circuit Court to allow in addition to these appearance fees, such trial fees to be paid by the County Commissioners to the State's Attorney as the Judges may deem just and proper. The local Act of 1894, ch. 213, provides that the Judges of the Circuit Court for Dorchester County may allow to the State's Attorney such compensation not exceeding one hundred and fifty dollars per year, as they may think just and proper for services rendered before committing magistrates in preliminary examinations. The same Act further provides that for all trials in criminal cases before Justices of the Peace the same fees shall be allowed to the State's Attorney as are now allowed in similar cases before the Circuit Court * * * "provided that the compensation so allowed, together with the total of the fees received, shall not amount to more than twelve hundred dollars in any one year." Judge Lloyd construed this statute to mean that the State's Attorney was restricted to only twelve hundred dollars a year in full compensation

for his services, even though in point of fact the fees actually earned by him exceeded that sum. Accordingly the Judge refused to certify and approve the appellant's account for fees actually earned over and above that amount. The general statute, which requires the Judges of the several Circuit Courts to approve the accounts of the State's Attorneys and which imposes upon the County Commissioners of the various counties the duty to pay the accounts as certified, will be found in Art. 10, sec. 21 of the Code; and the Local Law as applicable to Dorchester County in the Act of 1892, ch. 259. Upon the refusal of Judge Lloyd to approve the appellant's account for a sum greater than twelve hundred dollars the pending petition for the writ of *mandamus* was filed, asking that the Judge be required to approve and certify the account which had been presented to him.

We shall not pause to consider whether the construction placed by the learned Judge upon the Act of 1894 is correct or not, because there are other questions at the very threshold of the case that of themselves are decisive of this controversy without regard to the meaning and effect of this particular statute. It must be borne in mind that the State's Attorneys are officers who are paid by fees—the Constitution of the State fixes no salary for them and they belong to that class of officials the maxium of whose compensation is limited by Art. 15, sec. 1 of the Constitution, to the sum of three thousand dollars. By this section State's Attorneys, together with other officers embraced therein, are allowed to retain for their remuneration the fees received by them up to the amount of three thousand dollars, whilst all sums in excess of that figure and the expenses of the office are required to be paid into the State Treasury. Now, this being so, it is perfectly obvious at the outset that no Act of Assembly can validly limit the amount of fees which a State's Attorney may receive, to twelve hundred dollars, or to any other sum less than three thousand dollars; though it would be perfectly competent to the General Assembly

to make no provision for any fees in cases before Justices of
the Peace.   Indeed there is no limitation on the power of
the Legislature to adopt such a schedule of fees as it may
see fit, even although the result might be to reduce the
aggregate for the year far below the sum of three thousand
dollars.  But the Constitution having fixed the maximum of
compensation at three thousand dollars, no Act of Assem-
bly can validly prescribe a lower sum, if the fees actually
earned, according to the rates fixed by law, aggregate or
reach the designated maximum or amount to more, within
that maximum, than the sum total specified in the Act.  So,
then, it becomes immaterial to inquire what the real mean-
ing of the Act of 1894 is ; because if it undertakes to limit
to twelve hundred dollars the amount which the State's
Attorney can receive when the Constitution permits him to
retain out of the fees of his office more than double that
sum should the fees aggregate so much, it is obviously and
palpably in conflict with the Constitution and therefore in-
valid ; and if it does not so limit the amount which he may
receive it interposed no obstacle to the approval of the
account presented to the Judge.

But however this may be, there cannot be a serious con-
tention that a writ of *mandamus* may be issued by the other
Judges, or by either of the other Judges of the First Ju-
dicial Circuit to compel Judge Lloyd to do an act which
the other Judges were equally authorized to do themselves
either without his concurrence or against his dissent.   It
would certainly be an anomaly in judicial procedure for one
Judge of a circuit who happens to entertain a different view
as to the meaning of a statute from his colleagues, to be
coerced into conforming to their opinion under a writ issued
by the others.   As the Code requires the accounts of the
State's Attorney to be certified to the County Commission-
ers by the Judges, it obviously means by a majority of the
Judges, and if Judge Lloyd entertained an opinion variant
from that of his colleagues as to the quantum of fees pay-
able to the appellant, the remedy for the appellant lay in

having the other Judges certify to his account. Certainly it was not by an application to compel the dissenting Judge to unite with the others. *Mandamus* is not a writ that will lie where there is another appropriate remedy. The remedy here, as just stated, was by an application to the other Judges for their approval of the account; but those Judges had no more authority to control Judge Lloyd's action by *mandamus* in this instance than he would have had to control the judgment of one of them. Surely no argument is needed to support this conclusion—its bare statement is all that is requisite.

We have not deemed it necessary to say anything in this opinion as to whether the statutes requiring the Judges of the several Circuits to approve the accounts of the State's Attorneys are or are not constitutional; and we are not to be understood as passing upon that question at all. Do these statutes impose a duty on the Judges which is not judicial in its character and, therefore, a duty which they cannot be required to discharge? Do they deprive the County Commissioners of the right to dispute an account actually certified and thus preclude them, without a hearing, from contesting a claim against the county, that they may in the exercise of an honest judgment believe to be excessive? These are questions we leave untouched because their solution is not necessary to the decision of this case.

We think the Circuit Court was right in refusing to issue the writ of *mandamus.*

*Order affirmed with costs above and below.*