THE STATE OF MARYLAND, *vs.* WILLIAM H. GREEN, FORMERLY SHERIFF OF· BALTIMORE CITY.

*Sheriff's fees: in Baltimore City; liability to State; fines to dispensaries, etc.*

Under Chapter 411 of the Acts of 1892 (section 438 of the Baltimore City Code, 1906), sections 39 and 42 of Article 87 of the Code of 1912, and Article 15, section 1 of the Constitution, after a Sheriff of Baltimore City has received fees and fines collected by him amounting to the sum of $3,000 per annum, and has paid the City of Baltimore one-half of all fines adjudged by and accruing in the Criminal Court of Baltimore City, which he has secured, and has paid to certain dispensaries certain fines collected as required by law, he is required to account to the State for all the balance of his fees and fines collected by him, except such moneys as shall be payable by him to informers.                    p. 686

In a suit by the State against a former Sheriff of Baltimore City for one-half of certain fines and fees and other sums, etc., collected by him while Sheriff, claimed by the State to be due, by law, less certain sums for informers, it was *held,* that the burden of proof was not upon the State to show that there were no informers entitled to any part thereof.    p. 687

After such fines, etc., have been collected for more than seven years, and no claim by any informer made therefor, in the absence of any proof by the Sheriff that there are claims of such informers, he is not entitled to retain fines or other moneys held for such purpose.                    p. 687

The State is not entitled to demand or receive from the Sheriff any fees or compensation illegally charged and collected by him.                    p. 690

Where a Sheriff retains a commission upon the amount of fees which, under the law, he is required to pay over to certain

dispensaries and the Mayor and City Council of Baltimore, he is indebted and accountable to them for the sums so retained, and is not accountable therefor to the State of Maryland.                                                                    p. 690

*Decided May 13th, 1913.*

Appeal from the Baltimore City Court (DAWKINS, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE, and CONSTABLE, JJ.

*Edgar Allan Poe* and *Clarence W. Perkins* for the appellant.

*Chas. R. Schirm* (with whom was *J. Cookman Boyd* on the brief), for the appellee.

PATTISON, J., delivered the opinion of the Court.

This is a suit against the appellee, William H. Green, former sheriff of Baltimore City, to recover certain moneys which the plaintiff contends belong unto the State of Maryland and which were paid over to or collected by him as sheriff and not accounted for or paid to the State.

His term of office as sheriff extended from the 30th day of November, 1913, to the 7th day of December, 1915. For each of the two years of his term he reported to the State an amount which is therein stated as the amount collected by him from fees, fines and forfeited recognizances, and in each of these reports, after deducting his salary, the salaries of his deputies and the other expenses of his office, there remained a balance which was paid over to the State.

The record discloses, however, that in addition to the amounts reported as collected by him, he collected and received during his entire term of office the following amounts:

1st. The sum of $10,176.00 received by him from the Clerk of the Court of Common Pleas on account of fees to which he was entitled as sheriff from certain licenses issued by the Clerk.

2nd. A sum of over $8,000.00, being a part of the fines collected by him for the violation of the liquor and gambling laws retained by him to be paid over to the informers, but which has never been paid.

3rd. The sum of $386.40, commissions for the collection of certain fees for the Clerk of the Criminal Court of Baltimore City.

5th. The sum of $826.08, the amount charged as commissions for collecting and paying over to the incorporated dispensaries the fines imposed upon the keepers of houses of ill-fame in Baltimore City.

6th. The sum of $602.71 collected by him from the Mayor and City Council of Baltimore as commissions for collecting and paying over one-half of the fines imposed by the Criminal Court of Baltimore City for the violation of the liquor and gambling laws and other similar offenses.

It is contended by the plaintiff that all of these items should have been accounted for by the defendant in his reports to the Comptroller of the Treasury as money properly belonging to the State, and inasmuch as these amounts were in excess of the salary of the defendant, the salaries of his deputies and the legitimate expenses of his office, the same should have been paid over to the State.

The defendant does not deny that he received the above mentioned amounts, but as to them says:

1st. That the amount of $10,176.00, received as fees from licenses issued, was consumed by charges made by him for services of himself and his deputies in attendance upon certain of the Courts of Baltimore City during the term of his office, under the Act of 1874, Chapter 300 (Section 234 of Article 4 of the Local Code of Baltimore City, 1888) which provides that "the sheriff of Baltimore City shall be allowed four dollars per day for every day he shall attend

either in person or by deputy in the Superior Court of Baltimore City, in the Court of Common Pleas, in the Baltimore City Court, and in the Criminal Court of Baltimore, to be paid to him out of the money received as fees or fines in the sheriff's office belonging to the State."

2nd. That the fines received by him from the sources mentioned and not paid over are properly held by him to be paid ·to informers when called upon by them, but in no event are they payable to the State.

3rd. That the commissions received by him upon the collections of fees for the State's Attorney and the clerk and the fines paid over to the dispensaries and the City of Baltimore are not properly payable to the State.

At the conclusion of the testimony the plaintiff offered seven prayers. The first six prayers present the law as contended for by the plaintiff in respect to the six items above mentioned, and by the seventh the Court was asked to instruct the jury as to the allowance of interest upon the amount, if any, they should find owing to the State by the defendant. The Court granted the plaintiff's second, fifth, sixth and seventh prayers, but refused the others. Those refused are as follows:

*Plaintiff's First Prayer.*—The jury are instructed that the defendant in his accounting with the State of Maryland for the fees and monies received by him as sheriff from the 30th day of November, 1903, to the 7th day of December, 1905, was legally bound to include as part of his receipts one-half of such sums as the jury shall find the defendant received and collected during said period in payment of fines imposed by the Criminal Court of Baltimore City in cases charging violation of the liquor laws and of the gambling laws during said period, less such sums as the jury shall find the defendant paid to informers in said cases, and that the burden of proof is upon the defendant to show what sums were actually paid by him to informers in said cases; and that there has been offered no evidence legally sufficient

to show what sums were paid by the defendant to informers in said cases.

*Plaintiff's Third Prayer.*—The jury are instructed that the defendant in his accounting with the State of Maryland for the fees and monies received by him as sheriff from the 30th day of November, 1903, to the 7th day of December, 1905, was legally bound to include as part of his receipts such sums as the jury shall find the defendant received during said period from the incorporated dispenaries of Baltimore City as commissions on the amount of fines collected, accounted for and paid over by him to the said incorporated dispensaries during said period.

*Plaintiff's Fourth Prayer.*—The jury are instructed that the defendant in his accounting with the State of Maryland for the fees and monies received by him as sheriff from the 30th day of November, 1903, to the 7th day of December, 1905, was legally bound to include as part of his receipts such sums as the jury shall find the defendant received during said period from the Mayor and City Council of Baltimore, as commissions on the amount of fines collected, accounting for and paid over by him to the said Mayor and City Council of Baltimore during said period.

The defendant offered eight prayers presenting the law as contended for by him in respect to the questions raised, four of which, the third, fourth and sixth were granted, and are as follows:

*Defendant's Third Prayer.*—The defendant, William H. Green, prays the Court to instruct the jury that there is no legally sufficient evidence in this case to show that the defendant, William H. Green, retained any money as informers' fees, due the State of Maryland.

*Defendant's Fourth Prayer.*—The defendant, William H. Green, prays the Court to instruct the jury that there is no legally sufficient evidence in this case to show that the State of Maryland had any interest in those fines, a part of which was retained by him as and for the informer, and that as to such their verdict should be for the defendant.

*Defendant's Fifth Prayer.*—The defendant, William H. Green, prays the Court to instruct the jury that there is no legally sufficient evidence to show that the State of Maryland has any interest in commissions received and retained by him for and on account of moneys paid to the City of Baltimore from fines, and that as to such commissions their verdict should be for the defendant.

*Defendant's Sixth Prayer.*—The defendant, William H. Green, prays the Court to instruct the jury that there is no legally sufficient evidence to show that the State of Maryland has any interest in commissions received and retained by him for and on account of moneys paid to incorporated dispensaries from bawdy house fines, and that, therefore, their verdict should be for the defendant, as to such commissions.

The plaintiff excepted to the rulings of the Court in granting the aforesaid prayers of the defendant and in rejecting its first, third and fourth prayers.

A verdict was rendered by the jury in favor of the plaintiff in the sum of $15,177.20, and a judgment was entered upon said verdict for that amount.

It is from this judgment that the plaintiff has appealed.

The first prayer of the plaintiff deals with the part of the fines paid to the sheriff for violation of the liquor and gambling laws which has been withheld by him to be paid over, as he alleges, to informers when called upon by them to do so, and by it the Court is asked to instruct the jury that the defendant, in accounting to the State, should have included in the receipts of his office one-half of all such fines, less such part thereof as they should find had been paid by the defendant to informers.

This prayer we think should have been granted. The local statute, Chapter 411 of the Acts of 1892, section 438 of the Baltimore City Code of 1906, provides that "one-half of all fines adjudged by and accruing in the Criminal Court of Baltimore City when secured by the sheriff of Baltimore City, shall be paid to the Mayor and City Council of Baltimore."

In part compliance with this statute the defendant as sheriff of Baltimore City, paid over to the Mayor and City Council of Baltimore one-half of all fines imposed by the Criminal Court of said city, which were received by him during the term of his office, less commissions retained by him for the collection and payment of such part of said fines to the city.

The record does not disclose that at the time of the receipt of said fines there was anyone known to the sheriff entitled, as informer, to any part of such fines. The half of said fines so retained by the defendant was deposited in bank, either in his individual name or in his name as sheriff, and was subject to withdrawal only by check signed by him, and there it remained as he states until the expiration of his term of office, when it was withdrawn by him and the account closed.

From the time of the withdrawal of this money from bank to the time of the trial of the case below, a period of approximately seven years, no one ever appeared and demanded payment, as informer, of any part of said fines withheld by him. If there was anyone entitled to the said fines or any portion of them by reason of being an informer, he must have been such at the time when the fine was imposed, and his claim to the informer's share became fixed when the fine was adjudged by competent authority. Nothing subsequently arising could entitle any one to be regarded as an informer who had not been such previously. That such informer's share was not paid at the time, and has not since been paid or even demanded, during the entire period between the time the defendant's term as sheriff expired and the trial of this case below is most convincing evidence that no one existed who could legally lay claim, as an informer, to the said fines, or any portion of them. The burden of proof is not and never can be on the State to prove a negative and show that there were no informers. The burden is placed, and rightly placed, either upon those who lay claim to the money as being informers, or upon him who claims,

as of right, to withhold moneys from the State on the ground that they belong to informers, and until such burden is satisfactorily met the withholding of any moneys upon this ground is without warrant of law.

Accordingly it next becomes necessary to determine to whom the fines belong and are payable.

The record discloses that these fines were imposed for the violation of the liquor and gambling laws, but it does not disclose for what particular offenses thereunder. After an examination of these laws by which many offenses are created and different penalties imposed, we are unable to find in any of these statutes any provision by which the fines thereby imposed are disposed of otherwise than provided by the local statute, Chapter 411 of the Acts of 1892 above quoted. Therefore examination must be made elsewhere to ascertain to whom the remaining half of said fines shall be paid. Section 39 of Article 87 of the Code (1912) provides that "the sheriff shall be answerable for all fines, penalties and forfeitures imposed on the inhabitants of his county or of Baltimore City by any Court of record of the State unless he can show that the party on whom the same was imposed is insolvent.

And section 42 of the same article provides that "all fines, forfeitures, penalties and costs imposed as aforesaid are to be paid to the sheriff who shall pay the same, except the costs, to the treasurer on or before the tenth of November in each year, and the costs to the person entitled to receive them; provided when any person is entitled to any part of the fine, forfeiture or penalty as informer or otherwise the same shall be paid by said sheriff to such person."

In addition to the statute law above mentioned, Article 15, section 1 of the Constitution of this State in stating or defining the duties thereby imposed upon the officers therein named, of whom the sheriff is one, provides that "each of the said officers, when the amount received by him for the year shall exceed the sum which he is by law entitled to retain as his salary or compensation for the discharge of his

duties and for the expenses of his office, shall yearly pay over to the treasurer of the State, the amount of such excess, subject to such disposition thereof as the General Assembly may direct; * * * and no person holding any office created by or existing under this Constitution or laws of this State, shall receive more than three thousand dollars a year as a compensation for the discharge of his official duties, except in cases specially provided in this Constitution."

The half of the fines here retained by the defendant is not only made payable to the State under the statute already quoted (section 42 of Article 87), but as such part of said fines forms a part of the "excess" mentioned in the above provision of the Constitution, it is thereby made payable to the State of Maryland, and therefore the Court below erred in refusing the first prayer of the plaintiff.

The case of *Sanner* v. *The State,* 83 Md. 648, was mainly relied on by the defendant. That case was decided upon the basis that the case was controlled by the provisions of the Acts of 1842, Ch. 22, Code (1912), Art. 38, sec. 2. The provisions of the local statute already set forth, do not appear to have been considered in that decision. This statute provided, so far as Baltimore City was concerned, for a different disposition from that established by the general law and by a series of acts, beginning in 1898, now codified as section 4 of Article 38 of the general laws, a supplemental provision was made to that laid down in section 2. When now, the provisions of the local act for Baltimore City are taken into consideration, under the facts as disclosed by the present record, the decision in the *Sanner case* can not be regarded as controlling authority. In the case before us it is not pretended that the appellee has, by reason of the interpretation placed on the *Sanner case,* paid over the fines in controversy to the city, but he still holds them on the claim that informers might at some time demand them. He has, apparently, settled with the city, by paying over half of the fines to it, on the theory that it was only entitled to one-half and inasmuch as we are of the opinion that under Chapter

411 of the Acts of 1892, the city was only entitled to one-half of the fines, and the State was entitled to the other half, as no informer has actually demanded a share of them the State is entitled to recover said half. If, in reliance on *Sanner's case,* any sheriff actually and *bona fide* paid over to the city all of such fines, such sheriffs, or their bondsmen should not be required to pay any part thereof to the State by reason of this decision.

It seems appropriate at this time, in view of the present condition of the law to direct the special attention of the Legislature to the obscurity which exists in the statutes of this State upon the subject of informers; defining who are properly to be regarded as such, and the conditions under which they should be held to be entitled to share in fines which may be imposed, either as the result of evidence adduced which materially operates to secure a conviction, or of information given by them, and also to some proper, express legislation as to the ultimate disposition of the moneys collected by the sheriffs of Baltimore City for fines imposed.

The Court by the third prayer of the plaintiff, which was refused was asked to instruct the jury that the defendant in his accounting with the State for fees and moneys received by him as sheriff, was legally required to include as part of his receipts the commissions received by him from the incorporated dispensaries on the amount of fines collected and paid over by him to them; and by the fourth prayer of the plaintiff the Court was asked to instruct the jury that in his accounting with the State he was legally required to include as part of his receipts the commissions received by him from the Mayor and City Council of Baltimore on the amount of fines collected and paid over by him to them. These prayers were both rejected and we think properly so.

The moneys received by the defendant for which he is to account to the State under the consitutional provision above quoted does not include fees and compensation illegally charged and collected by him. It was his duty to receive and pay over to the incorporated dispensaries and the Mayor

and City Council of Baltimore the whole or such part of the fines to which they were respectively entitled, and we know of no law or has our attention been called to any by which he is authorized or permitted to charge commissions therefor to said parties. Therefore, the commissions charged and collected by the defendant from the incorporated dispensaries and from the Mayor and City Council of Baltimore for the fines paid over to them, respectively, in this case, were wrongfully and illegally charged and retained and thus, to the extent of said commission, so much of said fines are still owing unto them and not unto the State.

The commissions exacted by the sheriff in this case differed in one most important particular from the commissions which were the subject of consideration in the case of *Banks* v. *State,* 60 Md. 305. In that case there was an express provision of statute providing that the Register of Wills should be entitled to certain commissions for the collection of the collateral inheritance taxes, and tax on executors and administrators commissions. Mr. Banks was by that decision required to turn over to the State those commissions which he had lawfully collected. There was no question raised as to the legality of the collection of them, but in the present case there was neither warrant or authority of law for the retention of the commissions attempted to be exacted.

For the reasons we have given in deciding that the Court below erred in refusing the plaintiff's first prayer, the third and fourth prayers of the defendant were improperly granted; and for the reasons assigned in sustaining the Court below in refusing the plaintiff's third and fourth prayers, the fifth and sixth prayers of the defendant were properly granted. The judgment, therefore, will be reversed. versed.

*Judgment reversed and new trial awarded,*
*with costs to the appellant.*