COUNTY COMMISSIONERS OF TALBOT COUNTY *v.* A. RAYMOND CARROLL

[No. 7, April Term, 1937.]

*Decided April 21, 1937.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Henry Herbert Balch,* with whom was *William Reddie* on the brief, for the appellants.

*T. Hughlett Henry,* with whom were *Henry & Henry* on the brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

The County Commissioners of Talbot County appeal from a judgment for reimbursement of the sheriff of the county, under a supposed statutory requirement, for premiums paid by him to a surety company for his official bond.

Article 25, section 20, of the Code, provides that, when any county treasurer, tax collector, county commissioner, or any officer coming within the common meaning of a county official shall furnish an official bond executed by a surety company, the county may pay the premium, to a specified maximum amount, from the general fund of the county, "provided, however, that when any such bond is given by a clerk of court, register of wills, state's attorney or sheriff, the payment of the premium on said bond shall be charged as an expense of any such officer." The question of liability of the county under this statute is presented by the granting of a prayer of the sheriff for an instruction to the jury that the statute commands reimbursement of him by the county, and refusal of a prayer by the commissioners for direction of a verdict in their favor.

The two parts of the statute, the first clause and the proviso, are distinct in respect to officials and the public funds from which the premiums may be paid. County officials are specified in the first clause, those in the second are state officials. A sheriff, "as conservator of the peace in his county or bailiwick, is the representative of the king, or sovereign power of the State for that purpose." *South v. Maryland,* 18 How. 396, 402, 15 L. Ed. 433; *Green v. State,* 122 Md. 288, 294, 89 A. 608; Code, art. 87. The county fund, the only fund under the control of the county commissioners for payment of an obligation, is the prescribed source for payment of premiums of county officials. The premiums of the state officials are to be charged among their expenses, and these are paid out of the fees of their offices, over which fees the commissioners have no control. They constitute a state fund, the net remainder of which is to be

returned to the state treasury. Constitution, art. 15, sec. 1. And, the payment being so charged on the state fund to which the commissioners have no relation, the statute cannot, in the opinion of this court, be construed to impose any liability for it on the county. Error is found, therefore, in refusal of the prayer of the commissioners for direction of a verdict in their favor.

A question whether the commissioners have a discretion to pay premiums on bonds of county officials, or not to pay them, is not involved, and is passed undecided.

*Judgment reversed without a new trial, with costs.*